Revised 03/06 WDNY

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

## FORM TO BE USED IN FILING A COMPLAINT
## UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983
### (Prisoner Complaint Form)

All material filed in this Court is now available via the **INTERNET**. See **Pro Se Privacy Notice** for further information.

## 1. CAPTION OF ACTION

1:23-cv-00934-JLS

**A.    Full Name And Prisoner Number of Plaintiff: NOTE:** *If more than one plaintiff files this action and seeks in forma pauperis status, each plaintiff must submit an in forma pauperis application and a signed Authorization or the only plaintiff to be considered will be the plaintiff who filed an application and Authorization.*

1. Angelo  Carzoglio  #18A0399

2. _____

### -VS-

**B.    Full Name(s) of Defendant(s) NOTE:** *Pursuant to Fed.R.Civ.P. 10(a), the names of all parties must appear in the caption. The court may not consider a claim against anyone not identified in this section as a defendant. If you have more than six defendants, you may continue this section on another sheet of paper if you indicate below that you have done so.*

1. Anthony J. Annucci

2. J. Wolcott

3. L. Middlebrook

4. K. Hostettler

5. M. A. Barham

6. _____

## 2. STATEMENT OF JURISDICTION

This is a civil action seeking relief and/or damages to defend and protect the rights guaranteed by the Constitution of the United States. This action is brought pursuant to 42 U.S.C. § 1983. The Court has jurisdiction over the action pursuant to 28 U.S.C. §§ 1331, 1343(3) and (4), and 2201.

## 3. PARTIES TO THIS ACTION

**PLAINTIFF'S INFORMATION NOTE:** *To list additional plaintiffs, use this format on another sheet of paper.*

Name and Prisoner Number of Plaintiff: Angelo  Carzoglio #18A0399

Present Place of Confinement & Address: Wende Correctional Facility, 3040 Alden Road, P.O. Box - 1187, Alden, New York 14004-1187

Name and Prisoner Number of Plaintiff: _____

Present Place of Confinement & Address: _____

<u>DEFENDANT'S INFORMATION</u> NOTE: *To provide information about more defendants than there is room for here, use this format on another sheet of paper.*

Name of Defendant: Anthony J. Annucci

(If applicable) Official Position of Defendant: Former Acting Commissioner, N.Y.S.D.O.C.C.S.

(If applicable) Defendant is Sued in _____ Individual and/or __X__ Official Capacity

Address of Defendant: Department Of Corrections & Community Supervision, 1220 Washington Avenue, Building #4, Albany, New York 12226-2050

Name of Defendant: J. Wolcott

(If applicable) Official Position of Defendant: Superintendent, Attica Correctional Facility

(If applicable) Defendant is Sued in _____ Individual and/or __X__ Official Capacity

Address of Defendant: Attica Correctional Facility, 639 Exchange Street, P.O. Box-149, Attica, New York 14011-0149

Name of Defendant: L. Middlebrook

(If applicable) Official Position of Defendant: Deputy Superintendent Of Programs, Attica C. F.

(If applicable) Defendant is Sued in _____ Individual and/or __x__ Official Capacity

Address of Defendant: Attica Correctional Facility, 639 Exchange Street, P.O. Box-149, Attica, New York 14011-0149

<u>(next pg.)</u>

## 4. PREVIOUS LAWSUITS IN STATE AND FEDERAL COURT

A.    Have you begun any other lawsuits in **state or federal court** dealing with **the same facts involved in this action**?
      Yes____  No _X_

<u>If Yes, complete the next section.</u>  NOTE: *If you have brought more than one lawsuit dealing with the same facts as this action, use this format to describe the other action(s) on another sheet of paper.*

1.    Name(s) of the parties to this other lawsuit:

      Plaintiff(s):_____

      Defendant(s):_____

      _____

2.    Court (if federal court, name the district; if state court, name the county):_____

3.    Docket or Index Number:_____

4.    Name of Judge to whom case was assigned:_____

(cont. pg. 2)

### 3. PARTIES TO THIS ACTION

#### DEFENDANT'S INFORMATION

Name of Defendant: K. Hostettler

(If applicaple) Official Position of Defendant: I.G.R.C. Supervisor/
               (Inmate Grievance Resolution Committee)

(If applicable) Defendant is Sued in: Official Capacity

Address of Defendant: Attica Correctional Facility, 639 Exchange St.,
               P.O. Box -149, Attica, New York 14011-0149

Name of Defendant: M. A. Barham

(If applicable) Official Position of Defendant: Prison Guard, Law Library
               Supervisor

(If applicable) Defendant is Sued in: Official Capacity

Address of Defendant: Attica Correctional Facility, 639 Exchange St.,
               P.O. Box - 149, Attica, New York 14011-0149

5.   The approximate date the action was filed:_____

6.   What was the disposition of the case?

   Is it still pending?  Yes_____  No_____

     If not, give the approximate date it was resolved._____

   Disposition (check the statements which apply):

   _____ Dismissed (check the box which indicates why it was dismissed):

     _____   By court *sua sponte* as frivolous, malicious or for failing to state a claim
       upon which relief can be granted;

     _____   By court for failure to exhaust administrative remedies;

     _____   By court for failure to prosecute, pay filing fee or otherwise respond to a court
       order;

     _____   By court due to your voluntary withdrawal of claim;

   _____ Judgment upon motion or after trial entered for

     _____ plaintiff

     _____ defendant.

**B.**  Have you begun **any other lawsuits** in **federal court** which **relate to your imprisonment**?

   Yes _X_   No_____

If Yes, complete the next section. NOTE: *If you have brought more than one other lawsuit dealing with your imprisonment,
use this same format to describe the other action(s) on another sheet of paper.*

1.   Name(s) of the parties to this other lawsuit:

   Plaintiff(s): Angelo  Carzoglio _____

   _____

   Defendant(s): Vincent Paul, County Court Officer; Sgt. #526, Deirdre
   Carroll, County Court Officer #7241, and John Rhodes, County Court
Officer #6059

2.   District Court: Souther District of New York _____

3.   Docket Number: 17-cv-3651(NSR) _____

4.   Name of District or Magistrate Judge to whom case was assigned: Nelson S. Roman

   _____

5.   The approximate date the action was filed: June 6, 2017 _____

6.   What was the disposition of the case?

   Is it still pending?  Yes _X_  No_____

     If not, give the approximate date it was resolved._____

(next pg.)

(cont. pg. 3)

1. Name(s) of the parties to this other lawsuit:

       Plaintiff(s): Angelo Carzoglio

       Defendant(s): Assistant Warden: Karl Vollmer, Jail Guard: Curry, Jail Guard: Rodrigues, Jail Guard: Holoran, Jail Guard: Olivo, Jail Guard: Archer #1411, Jail Guard Supervisor: McWilliams, Jail Guard Supervisor: B. Allen, Jail Guard Supervisor: Torres, Westchester County Department of Corrections, in their individual and official capacities.

2. District Court: Southern District of New York

3. Docket Number: 18-cv-7780(NSR)

4. Name of District or Magistrate Judge to whom was assigned: Nelson S. Roman

5. The approximate date the action was filed: October 10, 2018

6. What was the disposition of the case?
      Is it still pending? Yes

Disposition (check the statements which apply):

_____ Dismissed (check the box which indicates why it was dismissed):

      _____ By court *sua sponte* as frivolous, malicious or for failing to state a claim upon which relief can be granted;

      _____ By court for failure to exhaust administrative remedies;

      _____ By court for failure to prosecute, pay filing fee or otherwise respond to a court order;

      _____ By court due to your voluntary withdrawal of claim;

_____ Judgment upon motion or after trial entered for

      _____ plaintiff

      _____ defendant.

## 5. STATEMENT OF CLAIM

For your information, the following is a list of some of the most frequently raised grounds for relief in proceedings under 42 U.S.C. § 1983. (This list does not include **all** possible claims.)

| | | |
|---|---|---|
| • Religion | • Access to the Courts | • Search & Seizure |
| • Free Speech | • False Arrest | • Malicious Prosecution |
| • Due Process | • Excessive Force | • Denial of Medical Treatment |
| • Equal Protection | • Failure to Protect | • Right to Counsel |

**Please note that** it is not enough to just list the ground(s) for your action. You **must** include a statement of the facts which you believe support each of your claims. In other words, tell the story of what happened to you but do not use legal jargon.

**Fed.R.Civ.P. 8(a)** states that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "The function of pleadings under the Federal Rules is to give fair notice of the claim asserted. Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so it may be assigned the proper form of trial."  Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995). **Fed.R.Civ.P. 10(b)** states that "[a]ll averments of claim ... shall be made in numbered paragraphs, the contents of each of which shall be limited as far a practicable to a single set of circumstances."

## Exhaustion of Administrative Remedies

Note that according to **42 U.S.C. § 1997e(a)**, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prison er confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

You must provide information about the extent of your efforts to grieve, appeal, or otherwise exhaust your administrative remedies, and you must attach copies of any decisions or other documents which indicate that you have exhausted your remedies for each claim you assert in this action.

**A. FIRST CLAIM:** On (date of the incident) December 4, 2022 ,

defendant (give the **name and position held** of **each defendant** involved in this incident) M. A. Barham, Prisson Guard, Law Library Supervisor, L. Middlebrook, Deputy Superintendent of Programs, K. Hostettler, Inmate Grievance Resolution Committee Supervisor, (next pg.)

did the following to me (briefly state what each defendant named above did): On the above-mentioned date Plaintiff introduced a 'Court Order', to law library supervisor, M. A. Barham, prison guard, at Attica Corr. Fac., the court order was for 'extended access to the law library, up to and through the disposition of his indictment', The order was issued by Westchester County Supreme Court Justice, Honor: Anne E. Minihan. Defendant, prison guard, law library supervisor, Barham, denied me the access, and stated that "he doesn't work for the COURT'S that the court's work for him"! Plaintiff wen't a step further and wrote to (next pg.)

The constitutional basis for this claim under 42 U.S.C. § 1983 is: Deliberate Denial of Access to the Courts, 5th, 6th, 8th, & 14th Amendments.

The relief I am seeking for this claim is (briefly state the relief sought): Plaintiff should be awarded $500.00 (Five Hundred Dollars) for every day I was denied access to the courts due to their deliberate acts, and not affording me the law library. "Allowed Extended Access To The Law Library"!

**Exhaustion of Your Administrative Remedies for this Claim:**

Did you grieve or appeal this claim?   X   Yes _____ No   If yes, what was the result? No response from any of the defendants. (See Exhibit's A thru F Attached!)

Did you appeal that decision?   X   Yes _____ No   If yes, what was the result? No answer or response from any of the defendant's, (See all the Exhibit's Attached).

*Attach copies of any documents that indicate that you have exhausted this claim.*

If you did not exhaust your administrative remedies, state why you did not do so: _____

_____

_____

**A. SECOND CLAIM:** On (date of the incident) _____,

defendant (give the **name and position held** of **each defendant** involved in this incident) _____

_____

_____

(cont. pg. 5)


## A. FIRST CLAIM:


(give the **name and position held** of **each defendant** involved in this incident) J. Wolcott, Superintendent; Attica Correctional Facility, Anthony J. Annucci, Former Acting Commissioner, New York State Department of Corrections & Community Supervision.


(cont. pg. 5)


(briefly state what each defendant named above did) Deputy Superintendent of Programs, L. Middlebrook, that letter was ignored and not responded to or answered. Also attached is a transcript by a second Supreme Court Justice: Hon. Larry Schwartz, supporting Judge Minihan's original court order. Plaintiff, filed FORM #2131E (Inmate Grievance Complaint), to K. Hostettler, I.G.R.C. Supervisor, (Inmate Grievance Resolution Committee), that grievance complaint was never answered. Plaintiff, then submitted a correspondence to J. Wolcott, Superintendent of Attica Corr. Fac., concerning the grievance that was submitted to the grievance supervisor, that correspondence was also not answered. Then on February 23, 2023, Plaintiff submitted a letter to Anthony J. Annucci, Former Acting Commissioner of Department of Corrections & Community Supervision. Plaintiff makes his written complaint on the grievance submitted, that also wasn't answered.

did the following to me (briefly state what each defendant named above did): _____

_____

_____

_____

_____

_____

_____

_____

The constitutional basis for this claim under 42 U.S.C. § 1983 is: _____

_____

The relief I am seeking for this claim is (briefly state the relief sought): _____

_____

_____

### Exhaustion of Your Administrative Remedies for this Claim:

Did you grieve or appeal this claim? _____ Yes _____ No   If yes, what was the result? _____

_____

Did you appeal that decision? _____ Yes _____ No   If yes, what was the result? _____

_____

*Attach copies of any documents that indicate that you have exhausted this claim.*

If you did not exhaust your administrative remedies, state why you did not do so: _____

_____

**If you have additional claims, use the above format and set them out on additional sheets of paper.**

### 6. RELIEF SOUGHT

*Summarize the relief requested by you in each statement of claim above.*

Plaintiff should be rewarded $500.00(Five Hundred Dollars), for everyday he was denied extended access, as instructed by the 'court order', it should also be enforced that Plaintiff should be allowed to have the extended access to the law library, 'up to and through the disposition of his indictment which is presently and currently pending'!

Do you want a jury trial? Yes____ No _X_

6

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____2 - 25 - 24_____
(date)

NOTE: *Each plaintiff must sign this complaint and must also sign all subsequent papers filed with the Court.*

*Angelo Cayoglio* _____

_____

_____
Signature(s) of Plaintiff(s)

7

## FACTS:

On December 4, 2022, Plaintiff introduced a 'Court Order' which stated the Plaintiff should be afforded extended access to the law library.

Prison guard, M. A. Barham, who was the assigned law library supervisor at the Attica Correctional Facility, the court order further stated that it is 'up to and through the disposition of his pending indictment'.

(See Exhibit- A), by the Westchester County Supreme Court Justice, Hon. Anne E. Minihan.

Defendant, prison guard Barham, denied me the access, then stated: "he doesn't work for the court's that the court's work for him"!

He would not honor the court order!

Plaintiff, decided to write to the Deputy Superintendent of Programs, L. Middlebrook, (See Exhibit-B), never answered the correspondence concerning Defendant Barham's denial of the law library access.

(See Exhibit-C Attached), a court transcript by the Westchester County Supreme Court Justice, Hon. Larry Schwartz, supporting and specifically stating that Judge Minihan's court order "remains in effect"!

Plaintiff's disposition of his pending indictment is still presently in effect.

On January 6, 2023, Plaintiff filed FORM #2131E (Inmate Grievance Complaint), (See Exhibit-D), submitted to K. Hostettler, I.G.R.C. Supervisor, (Inmate Grievance Resolution Committee), there wasn't no response or answer.

On January 23, 2023, Plaintiff submitted a letter to Superintendent, J. Wolcott, of the Attica Corr. Fac., (See Exhibit-E), the letter placed her on notice that the grievance I submitted including the correspondence Defendant L. Middlebrook, Dep. Sup. of Programs, concern the court order, were never answered.

I've even stated the denial of access to the court's and the violation of the sixth amendment of the united states constitution!

She also decided not to answer the letter.

The on February 23, 2023, I've submitted a letter to Anthony J. Annucci, at the time he was currently Acting Commissioner, of the New York State Department of Corrections & Community Supervision. in the letter I addressed to Mr. Annucci, I mention the grievance I've submitted , the letter to defendant's J. Wolcott and L. Middlebrook, all concerning the court order by the Supreme Court Justice for Plaintiff's extended access to the law library, asking if his office look into it and resolving the matter. Once again no response!

Plaintiff, did his due diligence and extending his exhaustion of administrative remedies, but it appeared that the administration had no intention on acting or even looking into this court order.

Plaintiff has been practicing and acting as a Pro-Se litigant since the arraignment of  the case accused before ever being introduced to the grand jury. Plaintiff has tried to get extra time for the law library sessions, even when denied the court order access, that didn't workout.

I was only allowed to attend the law library once a week between 60 and 90 minutes that very only one session, even when plaintiff was handling the pending civil matters, it was constantly requesting the courts for extensions before their deadline. On numerous occasions

requesting the state appellate division for extensions on the disposition that's pending on the indictment. Plaintiff is in relation to particular requirements of the legal system and Plaintiff is familiar as a result of his extensive prior experience in the court's and field of law.

Plaintiff also has substantial experience litigating cases and engaging his dispositive motion practice.

Plaintiff is currently litigating two other pending civil rights cases in the Federal District Court, 'Carzoglio v. Vollmer, et al., No. 18-cv-7780(AEK)(NSR)(S.D.N.Y.), Carzoglio v. Paul, et al., No. 17-cv-3651(NSR)(S.D.N.Y.), and Plaintiff's disposition of his pending indictment #16-00536. Plaintiff has represented himself through the entire court matter.

Considering Plaintiff's litigation experience, particularly as it relates to criminal case, civil rights matters and dispositive motion practice, the Plaintiff has no legal representation, every case described, Plaintiff has conducted himself as a Pro-Se litigant. Plaintiff has on several occasions requested to be assigned counsel representation, but has been denied.

The defendant's are purposefully depriving the Plaintiff's access to the court's, this is an intentional act, "a clear case of being placed on the path for failure"!

The Plaintiff will demonstrate the neglect through declarations by Supreme Court Justice's, District Court Magistrate's and Judge's, along with prosecuting attorney's, legal advisors, defense attorney's for the defendant's they have represented on civil matters I've filed.

A court order whenever is issued, must be respected and followed as the law requires, it should never be denied, down graded or ignored

to whomever it's directed to. If it was reversed and that court order was instructed towards the Plaintiff, "Plaintiff would be held accountable. There shouldn't be a dual standard, prison guards should be held accountable for their deliberate acts, especially when they disobey the order of the courts.

COUNTY COURT: STATE OF NEW YORK
COUNTY OF WESTCHESTER

```
FILED
AND ENTERED
ON 9-29-2016
WESTCHESTER
```

---------------------------------------------------------------X

THE PEOPLE OF THE STATE OF NEW YORK

       -against-

                                   ORDER
                                   Indictment No.: 16-0536

Angelo Carzoglio,

                         Defendant.

---------------------------------------------------------------X

MINIHAN, J.

     Defendant, Angelo Carzoglio, *pro se*, having brought a motion for usage of the law library at the Westchester County Department of Correction, it is hereby ORDERED that:

     Angelo Carzoglio will be afforded extended access to the Department of Correction library up to and through the disposition of his pending indictment;

     It is further ORDERED that Angelo Carzoglio can have daily access to a private area to confer with his court appointed legal advisor, Kevin Griffin, Esq. and/or be permitted to listen to any audio and view any video tapes turned over to the defendant by the prosecutor during the currently ongoing discovery process;

     It is further ORDERED that this extended access can be revoked in the event Mr. Carzoglio fails to abide by the rules and regulations of the Department of Correction governing inmate conduct.

Dated:     White Plains, New York
           September 29, 2016

                                             Honorable Anne E. Minihan
                                            Westchester County Court Justice

TO:    Angelo Carzoglio
       #240139
       Westchester County Jail
       10 Wood Rd., P.O. Box 10
       Valhalla, New York 10595

(EXHIBIT-A)

HON. JAMES A. McCARTY
Acting District Attorney, Westchester County
111 Dr. Martin Luther King, Jr. Boulevard
White Plains, New York 10601
Attn: Brian F. Fitzgerald, Assistant District Attorney

Kevin Griffin, Esq. (via e-mail kevgrif30@verizon.net)
Legal Advisor
2020 Maple Hill Street
#1236
Yorktown Heights, New York 10598

Warden Leandro Diaz (via e-mail lldd@westchestergov.com)
Westchester County Department of Correction
111-121 Woods Road
Valhalla, New York 10595

(EXHIBIT-A)

TO: MISS. MIDDLEBROOK
    DEPUTY SUPERINTENDENT OF PROGRAMS

FROM: A. CARZOGLIO, #18A0399, C-25-2

SUBJECT: COURT ORDER, SUPREME COURT

DATE: 12/5/22

---

    I am addressing this correspondence in reference to an active and pending 'Supreme Court Order', (See Exhibit - A) attached.

    The 'court order' was issued by the Supreme Court Justice, for extended access to the law library, "up to and through the disposition of his pending indictment". (See second paragraph).

    A second Supreme Court Justice supports the first and original court order, (See Exhibit - COW - 0466), in a proceeding court transcript, the Judge state's the 'extended access to the law library through the disposition of his pending case remains in effect'.

    On Sunday, December 4, 2022, I had the morning session of law library, I displayed the same documents to prison guard Barham, is not honoring, and depriving me the access, originally, Miss. K. who was the law library supervisor for the time period, did honor it, and allowed me access all three(3) modes on Tuesday, Saturday evening and Sunday morning. Which was appropriate for me and it was fair, but now that Mr. Barham, has the assignment of the law library, he wants to minimize my access to the court's, which violates my Sixth Amendment Right.

    I am in close contact with the court's, especially with the Southern District, I have and always have been a Pro-Se litigant in every pending case, I have no attorney, I'm responsible for all my litigation, and I'm not getting enough access to the law library as I should per "Court Order".

EXHIBIT - B

I would like to resolve this matter inter departmentally, unless it's preferred to appear for a scheduled 'Injunction Review' for 'equitable relief'.

That hearing would be held in federal court, and Mr. Barham, must demonstrate to a federal district judge why he doesn't honor a court order.

Thank you for your time.

Cordially,

*Angelo Carzoglio*

ANGELO CARZOGLIO
#18A0399/C-25-2

C.c. FILE

EXHIBIT- R

Proceedings                          4

1       have consented to the return of certain property and

2       the defendant is free to challenge the People's

3       decision not to return all the items requested but not

4       in County Court.

5                      As to the defendant's motion for extended

6       use of the law library for an appeal, that motion is

7       denied.

8                      Any appeal would not be before this Court,

9       however, this Court's September 29, 2016 Order of Judge

10      Minihan granting the defendant extended access to the

11      law library through the disposition of his pending case

12      remains in effect.

13                     As to the defendant's request for the

14      People to be directed to provide printed photographs

15      from discs he has been provided, that request is

16      denied.

17                     The defendant has not made a showing that

18      the People are required to print photos for the

19      defendant's appeal.

20                     At this time, I am ready to proceed to the

21      hearing.

22                     Are the People ready to proceed?

23                     MR. FITZGERALD:  People ready.

24                     THE COURT:  Mr. Carzoglio, are you ready

25      to proceed?

COW-0466

EXHIBIT- C

FORM 2131E (9/12)    STATE OF NEW YORK - DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
### INMATE GRIEVANCE COMPLAINT

| Grievance No. |
|---|
| |

_____ATTICA_____ CORRECTIONAL FACILITY

Date: 1/6/23

Name: Angelo Carzoglio    Dept. No.: 18A0399    Housing Unit: C-25-2

Program: N/A    AM N/A    PM

***(Please Print or Type – This form must be filed within 21 calendar days of Grievance Incident)***

Description of Problem: (Please make as brief as possible) On Dec. 5, 2022, I submitted a typed correspondence Deputy Sup. Middlebrook, concerning my Supreme Court Order for 'extended access to the law library', "up to and through the disposition of his pending indictment". (See the letter and court order attached). The court was also submitted to prison guard, M. Barham, law library supervisor. It was denied and never given an answer or reason why. I'm only allowed one 60 minute session per every 7-days, my court order is being ignored and

(next pg.)

Grievant
Signature: *Angelo Carzoglio*

Grievance Clerk: _____    Date: _____

Advisor Requested  ☐ YES  ☒ NO    Who: _____

Action requested by inmate: I need one session every day of the week, Monday thru Sunday, I don't have any program assignment due to my medical limitation, I can attend all sessions, my court order shouldn't be ignored or denied.

The Grievance has been formally resolved as follows:

_____

_____

_____

_____

This Informal Resolution is accepted:
(To be completed only if resolved prior to hearing)

Grievant
Signature: _____    Date: _____

If unresolved, you are entitled to a hearing by the Inmate Grievance Resolution Committee (IGRC).
* An exception to the time limit may be requested under Directive #4040, section 701.6(g).

(EXHIBIT-D)

TO: J. WOLCOTT
    SUPERINTENDENT

FROM: A. CARZOGLIO #18A0399, C-25-2

SUBJECT: GRIEVANCE SUBMITTED: 1/6/23

DATED: 1/23/23

---

    I am addressing this correspondence due to a grievance I've submitted on Jan. 6, 2023, it was never answered or assigned a grievance number.

    The grievance I've submitted concerns a 'court order', signed by the Supreme Court Judge ordering extended access to the law library in the Attica Law Library.

    I've written to Deputy Sup. of Programs, Miss. Middlebrook, along with the court order attached, she never answered my correspondence.

    I've submitted a grievance concerning the extended law library access, but that grievance was never answered.

    I also gave the law library supervisor, Mr. M. Barham, the court order, but he also denied me the access.

    This is a continuous denial of the Sixth Amendment of the United States Constitution, I'm being deprived access to the courts.

    I am not assigned to any program, I have medical limitations, all I'm asking for is one 60 minute session a day, every day, Monday thru Sunday.

    I ask that you look into this matter so it can be resolved.

Cordially,

ANGELO CARZOGLIO
#18A0399/C-25-2

C.c. FILE

(EXHIBIT-E)

Angelo Carzoglio #18A0399
Attica Correctional Facility
639 Exchange Street
P.O. Box - 149
Attica, New York 14011-0149

February 23, 2023

TO: ANTHONY J. ANNUCCI
ACTING COMMISSIONER
NEW YORK STATE DEPARTMENT
CORRECTIONS & COMMUNITY SUPERVISION
THE HARRIMAN STATE CAMPUS
1220 WASHINGTON AVENUE
ALBANY, NEW YORK 12226-2050

Re: Grievance Complaint - 1/6/23

Dear Sir:

I am forwarding you this correspondence, concerning a 'grievance complaint' I've submitted on 1/6/23, at the Attica Corr. Fac., grievance committee.

The grievance I submitted was concerning a 'State Supreme Court Order' for me to have extended access to the law library, up to and through the disposition of my pending indictment.

The grievance was never answered. Along with that grievance, I've also submitted a correspondence to Miss. Middlebrook, Deputy Sup. of Programs, here at the Attica Corr. Fac..

I also did not receive an answer. I also submitted the request to the Law Library Supervisor, Mr. M. Barham, he denied the court order.

On January 23, 2023, I submitted a correspondence to Superintendent J. Wolcott, that also was concerning the grievance submitted on 1/6/23, and based on the court order for extended access to the law library, but that letter was also not answered. Attached you will find a copy of the grievance, along with the pending court order by the Supreme Court Justice, Anne E.

(EXHIBIT-F)

Minihan, Westchester County Court Justice.

I also had submitted a copy of the same court order to the law library supervisor, which he also denied me the access and did not honor the court order.

This court order that was issued by the Supreme Court Justice of the State of New York is being deprived and violated under the Sixth Amendment of the United States Constitution.

Requesting that your office look into this matter, and resolve this in a professional matter.

    Thank you for your time.

                        Cordially,

                        *Angelo Carzoglio*

                        ANGELO CARZOGLIO #18A0399
                        ATTICA CORRECTIONAL FACILITY
                        639 EXCHANGE STREET
                        P.O. BOX - 149
                        ATTICA, NEW YORK 14011-0149

C.c. FILE

(EXHIBIT-F)

WENDE

CORRECTIONAL FACILITY

NEOPOST
03/11/2024
US POSTAGE $002.59⁰
FIRST-CLASS MAIL
ZIP 14004
041M11281621

Angelo Carzoglio #18A0399
Wende Correctional Facility
3040 Wende Road
Alden, New York 14004-1187

USDC - WDNY
MAR 13 2024
BUFFALO

23-CV-934

$0.59 recorded
5.762

TO: MARY C. LOEWENGUTH
CLERK OF COURT
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
UNITED STATES COURTHOUSE
BUFFALO, NEW YORK 14202-3350