UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
FILED
SEP 2 9 2026
ANDREW W. MOELLER, CLERK
WESTERN DISTRICT OF NY

ANGELO A. CARZOGLIO,

Plaintiff,

v.

23-CV-934 (JLS)

ANTHONY J. ANNUCCI, *Former Acting Commissioner*; J. WOLCOTT, *Superintendent, Attica Correctional Facility*; L. MIDDLEBROOK, *Deputy Superintendent of Programs*; K. HOSTETTLER, I.G.R.C. *Supervisor (Inmate Grievance Resolution Committee)*; M.A. BARHAM, *Law Library Prison Guard*; and ATTICA CORRECTIONAL FACILITY,

Defendants.

## DECISION AND ORDER

*Pro se* Plaintiff Anthony A. Carzoglio, a prisoner confined currently at the Wende Correctional Facility, filed this action seeking relief under 42 U.S.C. § 1983. Dkt. 1 and 13. He sued several state prisoner officials alleging that, while he was incarcerated at the Attica Correctional Facility ("Attica"), he was denied extended access to the law library in violation of an order entered in Westchester County Court ("County Court"), which had directed the Westchester County Department of Correction ("WCDOC") to afford him extended access to the WCDOC law library up

to and through the disposition of his then-pending indictment in County Court during which he represented himself. Dkt. 13 (Amended Complaint).[1]

The Court previously granted Carzoglio permission to proceed *in forma pauperis* and screened his Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a). Dkt. 15 (the "initial screening order"). The Court construed Carzoglio's allegations as asserting a denial of access to courts claim in violation of the First Amendment, *id.* at 9, and found that the Amended Complaint failed to state a claim upon which relief can be granted but granted leave to amend, *id.* at 12.

Carzoglio has filed a Second Amended Complaint ("SAC"), Dkt. 20, which the Court screens using the 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) criteria. For the reasons below, the SAC may proceed against Defendants M.A. Barham and L. Middlebrook, but is dismissed against the remaining Defendants.

## DISCUSSION

## I. LEGAL STANDARDS

### A. Review under the IFP Statutes

A court shall dismiss a complaint in a civil action in which a prisoner seeks redress from a governmental entity, or an officer or employee of a governmental entity, if the court determines the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a

[1] Carzoglio filed the Amended Complaint prior to the time the Court had the opportunity to screen his Complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a).

defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2); *see* 28 U.S.C. § 1915(e)(2)(B) (setting forth the same criteria for dismissal).

**B. Pleading Standards**

In evaluating a complaint—in this case a second amended complaint—the court must "accept all of the facts alleged in the complaint as true and draw all inferences in the plaintiff's favor." *Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003). Although "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even a *pro se* complaint must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint states a claim for relief if the claim is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The Court's liberal pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A complaint fails to state a claim if it supplies only "labels and conclusions," *Twombly*, 550 U.S. at 555, "a formulaic recitation of the elements of a cause of action," *id.*, or "'naked assertions' devoid of 'further factual enhancement,'" *Iqbal*, 556 U.S. at 678 (alteration omitted) (quoting *Twombly*, 550 U.S. at 557). Although a court is "obligated to draw the most favorable inferences that [a plaintiff]'s

complaint supports, [it] cannot invent factual allegations that he [or she] has not pled." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).

### C. Section 1983 Claims

To state a claim under 42 U.S.C. § 1983, a plaintiff "must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

To establish liability against an official under Section 1983, a plaintiff must allege that individual's personal involvement in the alleged constitutional violation; it is not enough to assert that the defendant is a link in the chain of command. *See McKenna v. Wright*, 386 F.3d 432, 437 (2d Cir. 2004). Moreover, the theory of *respondeat superior* is not available in a Section 1983 action. *See Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003). There is "no special rule for supervisory liability." *Tangreti v. Bachmann,* 983 F.3d 609, 618 (2d Cir. 2020). Rather, "a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Id.* (quoting *Iqbal*, 556 U.S. at 676).

## II. ALLEGATIONS

For the most part, the SAC and Amended Complaint are similar substantively. Carzoglio alleges that, in December 2022, he showed Attica's Law Library Corrections Officer M.A. Barham ("Barham") a copy of an order from the County Court, dated September 29, 2016, directing WCDOC to provide him extended access to the law library "up to and through the disposition of [Carzoglio's] pending indictment." Dkt. 20 at 4, 6 (citation modified), 10 (Exh. A: Order).[2] Barham denied Carzoglio extended access to Attica's law library, and said, "he doesn't work for the courts, the courts work for him." *Id.* at 6 (citation modified). Carzoglio was provided one sixty-minute library session each week. *Id.* at 15 (Exh. B: Grievance).

Carzoglio then wrote to Attica's Deputy Superintendent of Programs L. Middlebrook ("Middlebrook") complaining about the denial of enhanced access. *Id.* at 6-7, 12 (Exh. B: Memorandum). Carzoglio received no response, but later saw Middlebrook during a tour of his unit and she told him that the enhanced law library request was provided to Barham and that it was Barham's "decision to make." *Id.* at 7. Carzoglio then filed a grievance on January 6, 2023, with Attica's I.G.R.C. Supervisor K. Hostettler ("Hostettler"), which went unanswered. *Id.* at 7, 15 (Exh. D: Grievance).

---

[2] The Court deems the exhibits attached to the SAC part of the pleading and considers them in this screening order. *Cooper v. Dennison*, No. 08-CV-6238 (CJS), 2011 WL 1118685, at *1 n.2 (W.D.N.Y. Marach 24, 2011).

On January 23, 2023, Carzoglio wrote to Attica Superintendent J. Wolcott ("Wolcott") regarding his request and asked Wolcott for one sixty-minute session in the law library each day. *Id.* at 6, 17 (Exh. E: Memorandum). He received no reply. *Id.* at 6-7. Lastly, on February 23, 2023, he wrote to then Acting New York State Department of Corrections and Community Supervision ("DOCCS") Commissioner Anthony Annucci ("Annucci"). *Id.* at 7, 18-19 (Exh. F: Letter). He laid out everything that had occurred, including receiving no answers from Middlebrook and Wolcott or to his grievance, and asked Annucci to look into it for him. *Id.* He received no response. *Id.* at 7.

Carzoglio next alleges that, in June 2022, and February and September 2024, three civil complaints he had filed in the Southern District of New York were dismissed "in favor of the defendants." *Id.* at 8 (citation modified). He claims that all three cases were dismissed because Defendants' actions did not allow him "to adequately research and contest defendant's summary judgment" motions. *Id.* He claims he "always submitted numerous 'extension' applications on each of [his] civil cases but due to the minimal access and the denial to recognize the [county] court order for the extended access to the law library, he could not successfully oppose the summary judgments." *Id.* He also claims he was "litigating the disposition of his pending indictment" and "could not properly or legally contest and oppose three (3) civil matters, or even appeal in the circuit level. [He] couldn't properly set his focus

appealing to the circuit court[], at the same time contest the pending disposition of the pending indictment."[3] *Id.*

## III. ANALYSIS

### A. Attica Correctional Facility

Plaintiff's claims against the Attica Correctional Facility ("Attica") are dismissed because it is a state agency for purposes of the Eleventh Amendment and thus is immune from suit for damages. *See, e.g.*, *Rother v. N.Y. State Dep't of Corr. and Cmty. Supervision*, 970 F. Supp. 2d 78, 89-90 (N.D.N.Y. 2013) ("DOCCS and it[s] facilities are state agencies for purposes of the Eleventh Amendment.").

The Eleventh Amendment bars federal court claims against states, absent their consent to such suit or an express statutory waiver of immunity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989); *Pennhurst State Sch. & Hosp. v.*

---

[3] The Court, as it did in the initial screening order, must note that the County Court Order granting Carzoglio enhanced access to the law library applied only to the WCDOC while his criminal indictment was pending. At some point, Carzoglio moved to extend that order for his appeal. (Dkt. 20 at 14 (Exh. C: Transcript)). That motion was denied by the County Court because "any appeal would not be before th[at] Court[.]" *Id.*

Carzoglio was convicted on January 24, 2018, and his conviction was affirmed on appeal on October 13, 2021. *People v. Carzoglio*, 198 A.D.3d 810, 155 N.Y.S. 3d 210 (2d Dep't 2021), *lv. to appeal denied*, 39 N.Y.3d 985, 181 N.Y.S.3d 178, 201 N.E.3d 795 (Table 2022). His indictment was not pending when he filed this action. Any claims that he was thus litigating his "pending indictment" simply are, at the least, misleading. The fact that he filed post-conviction collateral attacks, Dkt. 13 at 12-13, and a federal habeas corpus proceeding in 2025, Dkt. 20 at 9, does not alter the fact that his indictment in County Court was not pending and that the County Court Order, by its terms, had no effect.

In any event, even without an enforceable court order, Carzoglio had a First Amendment right of access to courts.

*Halderman*, 465 U.S. 89, 98-100 (1984). The Eleventh Amendment bar extends to agencies and officials sued in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *see also Kirschbaum v. Daily*, 9:24-CV-1580 (BKS/MJK), 2025 WL 2988976, at *4 (N.D.N.Y. Feb. 13, 2025) ( "The Eleventh Amendment bars suits for damages against state agencies, such as the New York State Department of Corrections and Community Supervision, and branches of state agencies, such as correctional facilities . . . ."); *Rivera v. Goord*, 119 F.Supp.2d 327, 336 (S.D.N.Y. 2000) (holding that Green Haven Correctional Facility is immune from suit). Similarly, to the extent the individual Defendants are sued in their official capacity, any such claims are barred by the Eleventh Amendment.[4] *See Graham*, 473 U.S. at 165-167, and n.14; *Pennhurst*, 465 U.S. 100-01.

**B. Access to courts**

To state a constitutional claim based on a denial of access to an adequate law library, a plaintiff must make a showing that he has suffered, or will imminently suffer, actual harm; that is, he was "hindered [in] his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 350 (1996)); *see also Christopher v. Harbury,* 536 U.S. 403, 415 (2002) ("[O]ur cases rest on the recognition that the right [of

---

[4] Because Carzoglio no longer is confined at Attica, any claims to prospective injunctive relief are moot. *See, e.g., Prins v. Coughlin*, 76 F.3d 504, 506 (2d Cir. 1996). It is well settled "in this Circuit that a transfer from a prison facility moots an action for injunctive relief against the transferring facility."); *see also* Dkt. 15 at 7-8 (noting that claims for prospective injunctive relief—*i.e.*, enhanced Attica law library access—against individual defendants in their official capacity are not barred by the Eleventh Amendment).

access to the courts] is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court."). A plaintiff "must assert non-conclusory allegations demonstrating both (1) that the defendant acted deliberately and maliciously, and (2) that the plaintiff suffered an actual injury." *Vegas v. Artus*, 610 F. Supp. 2d 185, 201 (N.D.N.Y. 2009) (quoting *Lewis*, 518 U.S. at 353). Actual injury requires a showing that a "nonfrivolous legal claim had been frustrated or was being impeded" by prison officials. *Lewis*, 518 U.S. at 352-53 (footnote omitted). The complaint "must identify a separate, 'ancillary' legal claim that has been thwarted or prejudiced by the alleged denial, and that is 'non-frivolous' and "arguable" in nature. *Whitfield v. Imperatrice*, No. 08-CV-3395 (CBA)(LB), 2010 WL 6032636, at *5 (E.D.N.Y. Sept. 17, 2010) (quoting *Christopher*, 536 U.S. at 415), *report and recommendation adopted as modified,* 2011 WL 864703 (E.D.N.Y. Mar. 9, 2011), *aff'd* 477 F. App'x 806 (2d Cir. 2012). The legal claim hindered must also concern a plaintiff's "criminal conviction, habeas corpus petition, or conditions of confinement." *Kaminski v. Semple*, 796 F. App'x 36, 39 (2d Cir. 2019) (summary order) (citing *Lewis*, 518 U.S. at 352-54). "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Lewis*, 518 U.S. at 355.

The plaintiff must set forth "ample facts in the pleadings to suggest that success in the underlying claim is founded on more than mere hope, and point to deliberate and malicious acts by the defendants that frustrated his efforts to commence or prosecute that case." *Whitfield*, 2010 WL 6032636, at *5 (citation

modified) (citing *Davis v. Goord,* 320 F.3d 346, 351 (2d Cir. 2003)). "[T]he very point of recognizing any access claim is to provide some effective vindication for a separate and distinct right to seek judicial relief for some wrong. . . . [O]ur cases rest on the recognition that the right is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Christopher*, 536 U.S. at 414-15.

The Court determined, in the initial screening order, that Carzoglio failed to state a First Amendment denial of access to courts claim because he failed to allege that he suffered an "actual injury" due to the denial in enhanced access to Attica's law library. Dkt. 15 at 12. It stated that "[t]here simply are no allegations that a 'nonfrivolous legal claim ha[s] been frustrated or was being impeded' due to not being provided extra or enhanced library access." *Id.* (quoting *Lewis*, 518 U.S. at 350).

The SAC asserts that three separate civil actions filed in 2022 and 2024[5] were dismissed because the denial of his request for enhanced library access

[5] The Court has reviewed the docket sheets in these three cases: 7:18-CV-04198-PMH; 7:17-cv-03651-NSR; and 7:18-CV-07780-AEK. 7:18-CV-04198-PMH was filed on May 10, 2018 (Dkts. 1 and 2); summary judgment was granted to defendants on June 17, 2022 (Dkt. 108); and the appeal was dismissed on December 28, 2022, because Carzoglio did not file a prison authorization as directed (Dkt. 113). 7:17-CV-03651-NSR was filed on May 15, 2017 (Dkts. 1 and 2); summary judgment was granted to defendants on February 26, 2024 (Dkt. 106); and no notice of appeal was filed. 7:18-CV-07780-AEK was filed on August 23, 2018; summary was judgment was granted to defendants on September 30, 2024 (Dkt. 99); and no notice of appeal was filed.

Carzoglio filed memoranda of law in opposition to the motions for summary judgment in each of these three cases: 7:18-cv-04198-PMH (105 (Jan. 24, 2022));

prevented him from "successfully oppos[ing]" summary judgment. Dkt. 20 at 8. He also claims that he "couldn't properly set his focus appealing" those cases, and "at the same time contest the pending disposition of the pending indictment." *Id.* at 8-9.

"While the Court cannot yet discern at this stage of the litigation whether the outcomes of the [Carzoglio's actions] would have been different had [Barham] not restricted [enhanced] access to the law library . . ., [Carzoglio] has identified 'an "actual injury" in a specific legal action resulting from the alleged deprivation.'" *Little v. Municipal Corp., City of New York*, 2017 WL 1184326, at *9 (S.D.N.Y. Mar. 29, 2017) (quoting *Collins v. Goord*, 438 F. Supp. 2d 399, 418 (S.D.N.Y. 2006)). The "claimed inability to do any research to respond to Defendants' motion to dismiss, are precisely the kind of allegations that survive a motion to dismiss." *Id.* (citation modified) (citing cases). The Court recognizes that Carzoglio's allegations linking the denial of enhanced access to the law library to the dismissals of his federal civil actions are limited, but at this stage in the case, Carzoglio need only allege that his claim is plausible on its face. *Cf. Odom v. Poirier*, No. 99-CV-4933, 2004 WL 2884409, at *9 (S.D.N.Y. Dec. 10, 2004) (dismissing denial of access claim where the

---

7:17-cv-03651-NSR (Dkt. 77 (Jan.18, 2021)); 7:18-cv-07780-AEK (Dkt. 90-1 (Oct. 3, 2023)). The Court notes that two of the three memoranda of law were filed before Barham denied Carzoglio enhanced library access on December 4 ,2022. Dkt. 20 at 4.

The Court takes judicial notice of the dockets in these three cases. *See, e.g.*, *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) ("[D]ocket sheets are public records of which the court c[an] take judicial notice.").

plaintiff failed to "sufficiently allege how [the defendants'] conduct materially prejudiced any existing legal action."); *Gill v. Pact Org.*, No. 95-CV-4510, 1997 WL 539948, at *5 (S.D.N.Y. Aug. 28, 1997) (dismissing denial of access claim where the plaintiff did not show "that he sustained a dismissal of, or suffered any prejudice to, a lawsuit").

Accordingly, at this stage in the litigation and mindful of the Second Circuit's directives to construe *pro se* pleading liberally, the First Amendment denial of access to courts claim may proceed against Barham and Middlebrook only.[6]

### C. Personal Involvement

Carzoglio alleges that he wrote to both Wolcott and Annucci complaining about Barham and Middlebrook denying him enhanced library access, but neither of them responded to his correspondence. Dkt. 20 at 6-7, 17 (Exh. E), and 18-19 (Exh. F). He also filed a grievance that Hostettler did not answer. *Id.* at 7, 15 (Exh. D).

To establish liability against a defendant under Section 1983, "a plaintiff must plead and prove that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Tangreti*, 983 F.3d at 618. As set forth in the initial screening order, Dkt. 15 at 13:

> Even before *Tangreti*, it was well established that a supervisor's failure to respond to a letter of complaint does not provide a sufficient basis to find that the defendant was personally involved in the deprivation alleged, and the review, denial or affirmance of a denial of a grievance is insufficient to establish personal involvement of a supervisor in the denial of a constitutional right[.]

---

[6] The Court expresses no opinion regarding whether this claim may survive a motion to dismiss or for summary judgment.

*Lopez v. Chappius*, No. 17-CV-06305 (EAW), 2021 WL 859384, at *2 (W.D.N.Y. Mar. 8, 2021) (citation modified); *see, e.g.*, *Gayle v. Lucas*, No. 97 Civ. 883 (MGC), 1998 WL 148416, at *4 (S.D.N.Y. Mar. 30, 1998) ("Generally, the allegation that a supervisory official ignored a prisoner's letter protesting unconstitutional conduct is not itself sufficient to allege the personal involvement of the official so as to create liability under [Section] 1983.").

The SAC relies only on Carzoglio's unanswered correspondence to Wolcott and Annucci and a grievance that Hostettler allegedly did not answer as the Inmate Grievance Resolution Committee's Supervisor. This is insufficient to allege those Defendants' personal involvement in the alleged denial of access to courts.

## CONCLUSION

For the reasons above, the SAC may proceed to service against Defendants Barham and Middlebrook. The SAC is dismissed against Wolcott, Annucci, and Hostettler pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) because it fails to state a claim upon which relief can be granted. The SAC also is dismissed against the Attica Correctional Facility without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2) because it is barred under the Eleventh Amendment. These dismissals are without leave to amend.

## ORDER

IT IS HEREBY ORDERED that the SAC shall proceed to service against Defendants M.A. Barham and L. Middlebrook; and it is further

ORDERED that the SAC is dismissed against Defendants J. Wolcott, Anthony J. Annucci, and K. Hostettler under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1); and it is further

ORDERED that the SAC is dismissed against Defendant Attica Correctional Facility under 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2); and it is further

ORDERED that the Clerk of the Court shall amend the caption of this action and terminate Anthony J. Annucci, J. Wolcott, K. Hostettler, and Attica Correctional Facility as parties to this action; and it is further

ORDERED that pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997) (per curiam) the Attorney General's Office is requested to ascertain the full name, with correct spelling, and last known service address of M.A. Barham and L. Middlebrook within **30 days of the date of this Order**. The Attorney General need not undertake to defend or indemnify these individuals at this time. Rather, this Decision and Order merely provides a means by which Carzoglio may properly serve these Defendants, as instructed by the Second Circuit in *Valentin*.

The Attorney General's Office shall produce the information specified above by mail (Pro Se Litigation Unit, United States District Court, Robert H. Jackson United States Courthouse, 2 Niagara Street, Buffalo, New York 14202) within 30 days of the date of this Decision and Order. Upon receipt of this information, the

Clerk of the Court shall amend the caption of this action to reflect the full names of those Defendants; and it is further

ORDERED that upon receipt of the *Valentin* response, the Clerk of the Court shall cause the United States Marshals Service to serve copies of the Summons, SAC, Dkt. 20, and this Decision and Order upon Defendants M.A. Barham and L. Middlebrook, without Carzoglio's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in Carzoglio's favor; and it is further

ORDERED that the Clerk of the Court shall forward a copy of this Decision and Order and the SAC by email to Christopher L. Boyd, Assistant Attorney General in Charge, Buffalo Regional Office, at Christopher.Boyd@ag.ny.gov; and is further

ORDERED that, upon service, pursuant to 42 U.S.C. § 1997e(g)(2), Defendants shall answer or respond to the SAC; and it is further

ORDERED that pursuant to Western District of New York Local Rule of Civil Procedure 5.2(d), Carzoglio must immediately notify the Court in writing each time his address changes. Failure to do so may result in dismissal of the action with prejudice.

SO ORDERED.

Dated: September 29, 2026
Buffalo, New York

JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE